# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1382V
UNPUBLISHED

| | |
|---|---|
| LAURENT JONES,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: September 4, 2020<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Jerome A. Konkel, Samster, Konkel & Safran, S.C.,* Milwaukee, WI, for petitioner.

*Claudia Barnes Gangi,* U.S. Department of Justice, Washington, DC, for respondent.

### RULING ON ENTITLEMENT[1]

On September 11, 2018, Laurent Jones filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered from a left Shoulder Injury Related to Vaccine Administration (SIRVA) following his receipt of an influenza ("flu") vaccine on November 8, 2016. Petition at 5. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 3, 2020, Respondent filed his Rule 4(c) report in which he concedes that Petitioner's claim meets the Table criteria for SIRVA and that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1, 6. Specifically, Petitioner "had no history of pain, inflammation or dysfunction of the affected shoulder prior to

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

intramuscular vaccine administration that would explain the alleged signs, symptoms, examination findings, and/or diagnostic studies occurring after vaccine administration; he suffered the onset of pain within forty-eight hours of vaccine administration; his pain and reduced range of motion were limited to the shoulder in which the intramuscular vaccine was administered; and there is no other condition or abnormality present that would explain petitioner's symptoms." *Id.* at 6.  Respondent further agrees that "the case was timely filed, that the vaccine was received in the United States, and that petitioner satisfies the statutory severity requirement by suffering the residual effects or complications of his injury for more than six months after vaccine administration." *Id.*

In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master